**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GARY CHIANG, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>-v-<br><br>**BANK OF AMERICA and EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>**Defendants.** | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. Plaintiff, Gary Chiang, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging that Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") has failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff and those individuals who are similarly situated, by reporting a balance above zero for accounts listed as discharged in bankruptcy.

2. Plaintiff further alleges that Experian has negligently and recklessly disseminated false information regarding the Plaintiff's credit.

3. Plaintiff further alleges Experian and Bank of America have failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

4. Plaintiff seeks statutory, actual, and punitive damages, for themselves and the class members, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of New Jersey, and violated Plaintiff's rights under the FCRA in the state of New Jersey as alleged more fully below.

6. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff, Gary Chiang ("Plaintiff"), is a resident of the State of New Jersey, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant Experian is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

10. Defendant Bank of America is a nationally chartered banking association with its principal offices located at 100 N. Tryon Street, Charlotte, NC 28202.

## FACTUAL ALLEGATIONS

11. In August of 2018, the Plaintiff conducted a review of his credit reports.

12. The Plaintiff identified an erroneous entry on his Experian credit report listed under Bank of America.

13. The Experian credit report had falsely listed that an account with Bank of America had been discharged through Bankruptcy Chapter 7 on Nov 19, 2013.

14. Upon information and belief, Experian has been reporting the Bank of America tradeline with a status of discharged in Chapter 7 Bankruptcy since at least September of 2017.

15. Additionally, Experian has been reporting an account balance for the Bank of America tradeline from at least September 2017 through present day.

16. The FTC Staff Summary notes that a credit bureau may report a debt discharged in bankruptcy, as long as it report a zero balance. See *FTC Staff Summary §607(b) item 6.*

17. As such, a credit reporting agency, such as Experian, must have proper procedures in place to ensure that any unsecured debt, such as the Bank of America account, that is reported as discharged through Chapter 7 bankruptcy, also be reported with a zero balance.

18. By reporting an account balance above zero, while also reporting the debt as discharged in bankruptcy, Experian has failed to follow reasonable procedures to ensure maximum possible accuracy under section 1681e(b) of the FCRA.

19. Upon information and belief, Experian has furnished Plaintiff's report to third parties which reported the discharged debt as due and owing.

20. Plaintiff who had not filed bankruptcy in the past, was confused and harmed by Experian and Bank of America's reporting.

21. As such, on October of 2018, Plaintiff mailed a dispute letter to Experian regarding the bankruptcy listed on his credit report.

22. Sometime thereafter, Experian notified Bank of America of Plaintiff's dispute.

23. On or around November 23, 2018 the Plaintiff received the Dispute Results from Defendant Experian and Bank of America. See **Exhibit A**.

24. The report received by Plaintiff from Experian was still showing that the Bank of America account was discharged through and included in Bankruptcy Chapter 7.

25. The report also continued to report an account balance above zero.

26. At all times pertinent hereto, Experian's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681i of the FCRA.

27. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

28. At all times pertinent hereto, Bank of America's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s of the FCRA.

29. As a direct and proximate result of Bank of America's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings Count I of this action as class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all others similarly situated.

31. The Class (hereinafter, "Class") consists of: All natural persons residing in the United States of America on whom, beginning two years prior to the filing of this Complaint and continuing through the resolution of this action, Experian was reporting an unsecured debt as discharged in Chapter 7 bankruptcy while also reporting an account balance greater than zero.

32. The Class period begins two years prior to the filing of this Action.

33. This Action is properly maintained as a class action. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a) Upon information and belief, the Class is so numerous that joinder of all members is impracticable because Defendant handles hundreds if not thousands, of consumer reports that list an account with a discharge in Chapter 7 bankruptcy along with a balance of greater than zero;

   b) There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i. Whether the defendant violated various provisions of the FCRA including but not limited to 15 U.S.C. § 1681e(b).

      ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

   c) Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

   d) Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

e) Plaintiff will fairly and adequately protect the interest of the Class and has retained competent attorneys to represent the Class.

f) A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g) A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

h) Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b) AGAINST EXPERIAN
## INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

34. All preceding paragraphs are realleged.

35. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that

term is defined by 15 U.S.C. § 1681a(c).

36. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

37. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepared concerning Plaintiff, it would not be possible for it to report Plaintiff's account, or that of the Class members, as discharged in Chapter 7 with an account balance greater than zero.

38. Furthermore, were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have prevented the erroneous information from being reported on the Plaintiff's credit report.

39. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed.

## COUNT II

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681i
INDIVIDUALLY AGAINST EXPERIAN**

40. All preceding paragraphs are realleged.

41. Section 1681i of the FCRA requires credit reporting agencies, such as Experian, to conduct a reasonable investigation in response to any consumer dispute of information appearing on that consumer's credit report.

42. Experian violated its duty under 15 U.S.C. § 1681i(a)(1)(a) to conduct a good faith investigation into Plaintiff's notice of dispute regarding bankruptcy. Had Experian done a

reasonable investigation, they would have discovered that Plaintiff had not filed a bankruptcy that was discharged in November of 2013.

43. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

### COUNT III
### FAILURE TO INVESTIGATE DISPUTE
### 15 USC § 1681s-2(b)
### AGAINST BANK OF AMERICA

44. All preceding paragraphs are re-alleged.

45. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

46. Plaintiff submitted a written dispute to Experian disputing the accuracy of the account being reported by Bank of America.

47. As evidenced by its responses to the Plaintiff, Bank of America received these disputes.

48. Bank of America was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

49. Bank of America failed to reasonably investigate Plaintiff's dispute.

50. Indeed, Bank of America's failure to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient.

51. Bank of America's conduct violated section 1681s-2(b) of the FCRA.

### DEMAND FOR TRIAL BY JURY

52. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Declaring this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

F. Awarding Plaintiff and Class statutory damages;

G. Awarding Plaintiff and Class punitive damages;

H. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

I. Awarding pre-judgment interest and post-judgment interest;

J. A declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

K. Equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein; and

L. Awarding Plaintiff and Class such other and further relief as this Court may deem just and proper.

Dated: December 17, 2018

By: /s/ Ari Marcus
Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile

*Attorney for Plaintiff and putative Class*